# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE MARSHALL,

    Plaintiff,

vs.

R. SUEY, et al.,

    Defendants.

Case No. 2:12-cv-01710-LDG-PAL

**ORDER**

    The court ordered plaintiff to pay an initial partial filing fee. Order (#5). Plaintiff has submitted a declaration (#6), in which he states that he does not have the funds in his inmate account to pay the fee. Plaintiff will not need to pay the initial fee, but he will need to pay the filing fee in full through monthly installment payments. 28 U.S.C. §§ 1915(b)(2), (4).

    The court has reviewed the amended complaint (#4), and the court will serve it upon defendants. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

At the relevant time, plaintiff was in custody at the Clark County Detention Center. He alleges that the time he was given for outdoor exercise was very limited, around three and a half hours total over two months. Plaintiff has attached to the complaint copies of grievances addressed to jail officials about the lack of exercise. The responses indicate that the jail was limiting outdoor exercise time due to a shortage of officers.

Plaintiff invokes the Eighth Amendment in counts I and II, and he invokes the Fourteenth Amendment in count III. Because plaintiff was a pre-trial detainee at the time, the Eighth Amendment is inapplicable. Bell v. Wolfish, 441 U.S. 520, 535-37 & n.16 (1979). However, the Fourteenth Amendment is applicable, and courts have adopted the same legal standard as the Eighth Amendment for pre-trial detainees. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983). The Court will construe Plaintiff's Eighth Amendment claim as a Fourteenth Amendment claim regarding his conditions of confinement as a pre-trial detainee.

To prevail on a claim that the conditions of confinement violate the Due Process Clause of the Fourteenth Amendment, a prisoner must meet both the objective element and the subjective element of the test for cruel and unusual punishment under the Eighth Amendment. To meet the objective element, an inmate must show that the deprivation caused by the official's act or omission is sufficiently serious to result in the denial of the minimal civilized measure of life's necessities. Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

The subjective prong requires that an inmate demonstrate that prison officials acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference requires that an official be aware of the condition. Id. at 837.

Petitioner has a constitutional right to outdoor exercise. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). The amount of outdoor-exercise time that petitioner alleges he receives is similar to what the court of appeals found was a triable issue. See Allen v. Sakai, 48 F.3d 1082, 1087-88 (9th Cir. 1994).

Plaintiff has sued all defendants in their official capacities, and he has sued some defendants in their individual capacities. While individual-capacity actions seek to impose personal liability upon a government official for actions performed under color of state law, official-capacity actions generally represent another way of suing "an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1984) (quoting Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 n.55 (1978)). To succeed with an official-capacity claim against defendants, plaintiff must prove that any constitutional violations that he suffered occurred as a result of an official policy or custom. Monell, 436 U.S. at 690. The responses to plaintiff's grievances indicate that the lack of outdoor exercise was due not to some individual decision of a correctional officer, but to a response by the decision makers at the jail to staffing shortages. Plaintiff's official-capacity claims may proceed.

At the end of each count, plaintiff alleges that he suffered emotional injuries. He may not recover damages for such injuries without first proving that he suffered physical injuries. See 42 U.S.C. § 1997e(e).

Plaintiff seeks injunctive relief against defendants. This request is moot because plaintiff is no longer in custody at the Clark County Detention Center.

IT IS THEREFORE ORDERED that plaintiff need not pay the initial partial filing fee. Payment of the filing fee through monthly installments shall proceed in accordance with the court's earlier order (#5).

1    IT IS THEREFORE ORDERED that the clerk of the court shall issue summons to the
2 named defendants and deliver same with copies of the amended complaint (#4) to the U.S. Marshal
3 for service.  Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the
4 required Forms USM-285.  Within twenty (20) days after receiving from the U.S. Marshal a copy of
5 the Form USM-285 showing whether service has been accomplished, plaintiff must file a notice
6 with the court identifying which defendants were served and which were not served, if any.  If
7 plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be
8 filed with the court identifying the unserved defendant(s) and specifying a more detailed name
9 and/or address for said defendant(s), or whether some other manner of service should be attempted.
10 Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within
11 one hundred twenty (120) days from the date that the complaint was filed.

12    IT IS FURTHER ORDERED that from now onward, plaintiff shall serve upon defendants
13 or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading,
14 motion or other document submitted for consideration by the court.  Plaintiff shall include with the
15 original paper submitted for filing a certificate stating the date that a true and correct copy of the
16 document was mailed to the defendants or counsel for the defendants.  The court may disregard any
17 paper received by a district judge or magistrate judge which has not been filed with the clerk, and
18 any paper received by a district judge, magistrate judge or the clerk which fails to include a
19 certificate of service.

20    DATED: 21 Oct 2013

22    _____
23    LLOYD D. GEORGE
     United States District Judge