1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

7   GEORGE MARSHALL,                    )        Case No. 2:12-cv-01710-LDG-PAL
                                        )
8                    Plaintiff,         )        **ORDER**
                                        )
9   vs.                                 )        (Mtn to Extend Copywork - Dkt. #19)
                                        )
10  CAPTAIN R. SUEY, et al.,            )
                                        )
11                   Defendants.        )
    _____)

12

13      This matter is before the court on Plaintiff George Marshall's Motion to Extend Prison

14  Copywork Limit (Dkt. #19).  The court has considered the Motion.

15                              **BACKGROUND**

16      Plaintiff is proceeding in this action pro se.  On April 5, 2013, the court approved Plaintiff's

17  Application to Proceed In Forma Pauperis (Dkt. #1), and after Plaintiff made an initial partial filing fee,

18  the court screened Plaintiff's Amended Complaint (Dkt. #4), found he stated a claim for violation of his

19  Fourteenth Amendment rights under 42 U.S.C. § 1983 against the Defendants in their official

20  capacities, and directed service by the U.S. Marshal's Service ("USMS") on Defendants.  The Clerk of

21  Court issued Summons (Dkt. #8) on October 22, 2013.  The USMS effected service on Defendants

22  Suey, Siciliane, Flippe, Davis, Loumakis, Murphy, and Varner.  *See* Summons Returned Executed (Dkt.

23  ##9-15).  These Defendants filed an Answer (Dkt. #16) on December 11, 2013.  Most recently, the

24  court entered an Order allowing Plaintiff to file a Second Amended Complaint.  The court screened the

25  Second Amended Complaint and found Plaintiff stated a Fourteenth Amendment claim for lack of

26  outdoor exercise, a procedural due process claim under the Fourteenth Amendment, and a First

27  Amendment retaliation claim.

28  / / /

**DISCUSSION**

Plaintiff represents that he is limited to a one hundred dollar debt against his account toward legal copywork, and once that limit is reached, he may not incur any further indebtedness.  Exceptions to this rule require a court order.  Plaintiff contends he needs additional copies to serve Defendants and for his own records.

Plaintiffs do not have a right to unlimited photocopying. *Johnson v. Moore,* 948 F.2d 517, 521 (9th Cir. 1991); *Sands v. Lewis,* 886 F.2d 1166, 1169 (9th Cir. 1989) (recognizing that "numerous courts have rejected any constitutional right to free and unlimited photocopying").  Courts can, however, order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties. *See, e.g., Allen v. Clark County Det'n Ctr.,* 2011 WL 886343 at *2 (D. Nev. Mar 11, 2011).  In *Allen*, however, the plaintiff demonstrated a need to increase the copy work limit by providing a copy of his inmate account statement showing a negative balance, and the case was pending appeal before the Ninth Circuit. *Id.*

Here, Plaintiff has not shown a need for additional photocopying.  He has not provided an inmate account statement or any other documentation showing he is unable to pay for additional copies.  He has also not set forth any particular reason he needs additional copies except for his blanket statement that he needs to serve the court and opposing counsel with some unspecified papers.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Extend Prison Copywork Limit (Dkt. #19) is **DENIED.**

Dated this 14th day of March, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE