**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| GEORGE MARSHALL, | ) | Case No. 2:12-cv-01710-LDG-PAL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | (Mtn to Extend Copywork - Dkt. #27) |
| | ) | |
| CAPTAIN R. SUEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff George Marshall's second Motion to Extend Prison Copywork Limit (Dkt. #27). The court has considered the Motion.

**BACKGROUND**

Plaintiff is proceeding in this action pro se. On April 5, 2013, the court approved Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #1), and after Plaintiff made an initial partial filing fee, the court screened Plaintiff's Amended Complaint (Dkt. #4), found he stated a claim for violation of his Fourteenth Amendment rights under 42 U.S.C. § 1983 against the Defendants in their official capacities, and directed service by the U.S. Marshal's Service ("USMS") on Defendants. The Clerk of Court issued Summons (Dkt. #8) on October 22, 2013. The USMS effected service on Defendants Suey, Siciliane, Flippe, Davis, Loumakis, Murphy, and Varner. *See* Summons Returned Executed (Dkt. ##9-15). These Defendants filed an Answer (Dkt. #16) on December 11, 2013. Most recently, the court entered an Order allowing Plaintiff to file a Second Amended Complaint. The court screened the Second Amended Complaint and found Plaintiff stated a Fourteenth Amendment claim for lack of outdoor exercise, a procedural due process claim under the Fourteenth Amendment, and a First Amendment retaliation claim.

///

**DISCUSSION**

On March 17, 2014, the court entered an Order (Dkt. #29) on Plaintiff's first Motion to Extend Prison Copywork Limit (Dkt. #19). This second Motion requests identical relief. He states he has exceeded the $100.00 Administrative Regulation limit for copies and needs additional copywork services to litigate "this habeas action." Filing duplicative requests for the same relief is improper. Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an attorney or an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.,* 981 F.2d 429, 439 (9th Cir. 1992, *cert. denied*, 508 U.S. 908 (1993) (citing *Townsend v. Holman Consulting Corp.,* 929 F.3d 1358. 1362 (9th Cir. 1990) (en banc)). In *Nugget,* the Ninth Circuit upheld the trial court's imposition of Rule 11 sanctions because a party's second motion to compel largely duplicated the first. The Ninth Circuit upheld the district court's order imposing sanctions after finding the second motion was filed for the improper purpose of harassing the other side. Plaintiff is warned that continued motion practice requesting relief that has already been denied or making frivolous, unsupported requests may result in sanctions.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Extend Prison Copywork Limit (Dkt. #27) is **DENIED.**

Dated this 18th day of March, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE